Good morning, Your Honors. May it please the Court, Daniel Wan for Mr. So. If I may, I'd like to reserve five minutes for rebuttal. Your Honors, Judge LaGoya's unanimous decision for the Eleventh Circuit in Getve, which is fully in accord with this Court's precedence, makes resolution of the principal issue on this appeal even more straightforward. And I'd like to focus on that issue this morning. So isn't that decision the minority view? There's not a lot of case law out there, but that seems to be the only case that has decided the question in that fashion. Well, it is the first and only Circuit decision. Well, it's the Fifth Circuit decision in Wilson. Well, Wilson is not distinguishable in the sense that, or it doesn't go the other way, Your Honor. So if Getve actually cited Wilson and said that the decisions are harmonious, and it's harmonious because of the standard. So the standard is offense is unambiguously offense-specific. So what does that mean? So I haven't seen any case that has said what you advocate, what you argued in your brief, which is that the offenses have to be listed by statutory reference. And Getve didn't say that either. In fact, explicitly said that's not required. So I'm left wondering, what does that language mean? What does offense-specific mean? Well, our position is not that a statutory citation is the only way to satisfy the statute. It's the clearest way to satisfy the statute. But there are other ways to satisfy the statute as well. That's what Getve stands for, Your Honor. So and what are those other ways? Is sufficient information from which the district court could determine what offense or offenses are being, the statute of limitations is being told for? That's right. So the offense has to be identified with definiteness and specificity such that it makes it clear to the district court which charge is being told. So a statutory citation would satisfy that standard. Getve cited Wilson. Wilson said under circuit precedent, a charge 1957 is commonly referred to as money laundering. And that would have made it clear to the district court under circuit precedent in that specific case that that charge was being told. In this case, Your Honor, we have something that is far different. The charge defense was 371. It wasn't even mentioned in the application. But that raises an interesting point. It was mentioned in the treaty request under the MLAT request. So was that request submitted to the district court? It seems like it was not submitted to the district court. So we actually made an effort to scope, to comb the record to see whether it was actually before the district court on the tolling application. The tolling application does reference an exhibit, but it's unclear whether that was the MLAT. From what appears in the record, it appears that they were relying only on the U declaration, Your Honor, and then the proposed order. So in this case, Your Honor, I would just say, going back to the court's question, what does offense mean? In Getvey, they said offense means something that is definite and specific. Now that definition, that term is consistent with Judge Bumate's careful construction of the word offense in Randall as well. It's offense specific. It's discreet. It refers to a specific charge. So you have a different procedural posture in that this is as part of an investigation. So this is not a charging document. This is not evidence being presented to support criminal charges. This is in grand jury investigation. So it seems that the government is in a different arena at that point. They know some information, but they're trying to find more. So they don't have to list the offenses by the statute number. You've said that. So here they've described a course of conduct with great detail that makes it clear that they're concerned about bribery and money laundering, that this is what this course of conduct suggests. And your position is that's not good enough because they didn't list the federal, I forget what they call it, federal funds bribery or the other statute. It's not good enough, Your Honor, because the course of conduct that is alleged in the application is fully consistent with the five enumerated offenses that they listed in the application as well. There's nothing that uniquely identifies 371 conspiracy or 666 federal funds bribery in that application. So they did list section 1952 and also 371, which is conspiracy, at least in that 371 at least was listed in the MLAT. But 1952 describes unlawful activity to include bribery. So, and then they described bribery in great detail. But they also cited the honest services bribery statute, Your Honor. And so a plain reading of the application is they're tolling the statute for these five offenses. These five offenses bespeak bribery. There's nothing about 666. That's a completely different charge. But isn't the difference really between 666 and 1952 just the hook for federal jurisdiction? I mean, 1952, it's if it's travels in interstate or foreign commerce or uses the mail, you know, it's the basis for the federal jurisdiction. And in 666, it's federal funding to, in this case, I think of a car manufacturer, GM. So that's the hook. But the conduct is the same, the use of bribery. I don't think it completely overlaps, Your Honor. So I'm speaking from memory on this court's case law. But for honest services bribery, you do need a quid pro quo. I'm not sure if that's the law in the Ninth Circuit for 666. And of course, my friend on the other side mentions quid pro quo quite a bit. Well, 666 in Section A1B describes a quid pro quo. You're soliciting or demanding, accept or agree to accept anything of value, intended to be influenced or rewarded in connection with any business transaction. It's like this, we're giving you money, you're going to give us this contract. But the case law makes clear that's simply the offer. The offer completes the offense. There doesn't have to be a quid pro quo. Whereas honest services fraud, you do need a quid pro quo. The law is clear on that. And so there are discrete offenses. But I think the main point is under Getfay, how could it possibly be clear to the district court when that application was before him? Can you address this kind of somewhat related to Judge Beatty's question? I mean, in terms of evidence needed to prove the bribery and the conspiracy, are they really significantly different to prove, you know, the two claims? I mean, it seems like, again, they originate from the same set of facts. Well, I think the quid pro quo is a differentiating factor, Judge Lee, and a pretty important one, right? Because that speaks to what elements are essential to complete the offense. That actually hits both prongs of Judge Ligoya's test in Getfay. Because not only do you need to for the tolling purposes, but you need to dive deeper. Because under step two in Getfay, the court made clear that it has to be clear to the district court what evidence needs to be elicited before the grand jury. That's an elements question. Part of the Getfay, I mean, I couldn't tell the facts fully, but it seemed like in that case, there were discrete acts because these were tax evasions over a number of years. And it looks like maybe in earlier years, he actually filed tax, but maybe inaccurately. And the last couple of years, he didn't file at all. And the issue was trying to tag on to those two last years where he didn't file a tax returns at all. So those were somewhat, again, the facts aren't that clear from the case, but it seems like they were different acts, although they're all tax fraud. So in that case, it seems like it's a little bit different here where it seems like both offenses really originate from the same set of facts. I don't think so, Your Honor. I mean, I think certainly bribery, but the way that the government drafted its tolling application, it mentioned specifically honest services bribery, travel act, which encompasses an array of bribery offenses. You've never answered my question about the fact that it happens during an investigation. So, you know, we can see from the statute that Congress did not want to allow criminal offenses to go unpunished because critical evidence was in a foreign country and it takes time to get it. So they provide a mechanism to toll the statute of limitations so that, well, before an indictment issue, so this is during the investigatory stage, the government can seek to have the statute tolled so they can obtain the evidence they need. But that necessarily indicates that the evidence may not be what they think it might be, that it might reveal something else that they didn't know. And so your position seems to be they don't have to list the statutes, but if they do and they don't list all of them and they discover evidence later that supports another charge, then they should be penalized for that, which would in turn encourage the most bare bones drafting of these applications, which would not be good for anyone. Or they can't find evidence of additional crimes that are closely related to the conduct that they described. It's not as if they then decided to charge him with failing to file tax returns or drug trafficking or something wholly unrelated to this. They described a bribery scheme and they charged him with bribery. Let me make two responses to that, Your Honor, then I'd like to reserve my time. The first is that the term offense, the meaning of that term, the plain meaning of that term, doesn't vary depending on whether we're talking about a charging context or a conviction context. We know that because this Court's precedent in Miranda cited to case law that was all over the map on that. It's the plain meaning that controls. And here that requires definiteness and specificity, which was lacking here. But to Your Honor's point, three points here. Number one, I think the government is particularly ill-suited to make this claim here because the MLAT, as Your Honor mentioned, included 371. They knew about that charge. The tolling application was three years later in 2020. So it's not like, oh my goodness, this big revelation that we subsequently learned from the MLAT materials gave us this idea about 371. They knew it three years prior. Number two, one year after the MLAT was filed, Mr. Lee, whose documents they were seeking from the MLAT, flipped, began cooperating. So now they had the source of the documents that they were, excuse me, that they were seeking, the source himself. Number three, this investigation began in 2015. The tolling application was 2020. Five years has had elapsed. Most statute's limitations in the criminal context are just five years. Surely they knew what offenses were there. But more directly to Your Honor's point, I think this issue is overstated about this omniscience. The vast majority of criminal cases, the U.S. Attorney's Office knows before it submits an MLAT what offenses are involved. The MLAT is simply to find evidence in support of those offenses. In the small sliver of cases where the MLAT might actually provide evidence of a new crime, there is a congressionally prescribed mechanism that the government can avail itself of. And that is, get another tolling order or seek another MLAT. And ultimately, this boils down to, well, we don't want to do the extra paperwork. I mean, that's the burden. But that burden didn't stop Chief Justice Roberts from saying, get a warrant to search a cell phone, right? I mean, the work here is far less burdensome than that. Didn't stop Justice Scalia from saying, get a tracker warrant if you want to put a tracker on a car. The real concern, in other words, Your Honor, is not that they need to do more paperwork. It's the one that get they raised. That the government can then sweep in and prolong the statute limitations for all manner of offenses not mentioned in the application. And the solution to that is not to rend the statutory language. It's not to give the word offense a non-plain meaning. But you're saying they don't, you're not arguing, although you did argue quite explicitly before the district court and in your opening brief before get they, that they had to list these, the statutory references. So the responses and the government will never list the statutory references in these applications. Just write them very broadly, right? I mean, isn't that what you, what that result would encourage? I don't think so, Your Honor. I think if the court follows its sister circuit in get they and says it has to be definite, it has to be specific, so the district court knows which specific discrete charge is being told. This fails. The incentive would be for the government to be more specific. If I can ask a question, suppose the government is investigating drug trafficking and they asked for in the tolling application for distribution, but it turns out they can't charge them with that and then they try to charge them with attempted distribution, which I think is a separate statutory provision. So under your reading, if the government didn't mention attempted distribution in the application, then the government can't charge him with it, even though I think, you know, distribution, attempted distribution are essentially, you know, very, very similar. They're very similar, but I think the question would be, is it, is attempted distribution identified with definiteness and specificity such that it would make it clear to the district court that that was the charge that was being told? And that would require an analysis of what is in the application, Your Honor. So it really, I don't mean to say it depends, but it sort of depends on what's in the application. But I think the incentive at the end of the day would be for the government to turn square corners. And that's really what it should do in this context. I'd like to reserve the balance of my time. Actually, you're over time. I'm sorry? Oh, my overtime. I am so sorry. I apologize, Your Honor. So there is no balance, but I will give you a couple minutes. Thank you so much. Good morning. I may please the Court. David P. on behalf of the United States. This Court should affirm because the government charged defendant within the statute of limitations after tolling the period under 18 U.S.C. section 3292. Every court that has addressed this issue agrees with the government that section 3292 does not require a tolling application or order to reference any statutory code. And now the defense agrees with this too. The two circuit court cases and the five district court cases that have commented on this are all So what does section 3292 require? Well, we look to the plain language. The plain language of the statute does not mention code citation. Instead, it simply requires that the application indicate that evidence of an offense is in a foreign country and that the court must find by a preponderance of the evidence that an official request has been made for such evidence and that it reasonably appears or appeared when the request was made that such evidence is or was in such foreign country. So put simply, the government must show and the court must find that there is reason to believe evidence of an offense is in a foreign country. So the next key question is, what is an offense? Now, the defense has said an offense means offense specific. And respectfully, I would say that that is question begging. Their definition in their brief from Black's Law Dictionary is that an offense is a violation of law. Now, a statute can encapsulate an offense, but I think nobody would disagree if I said murder is an offense. And murder is not a statute. It's governed by multiple statutes. So is robbery. And more relevant to this case, bribery is an offense, a violation of the law. And conspiracy is an offense, a violation of the law. So it can be a statute, but generally we look to what the plain language says. You must show, the government must show that there is an offense. But if you look at the statutory language 3292, and it says the district court shall, quote, shall suspend the running of the statute of limitation for the offense. So the offense is referring to the statute of limitations. And various offenses can have, depending on the statute, different statute of limitations. So when they refer to the word offense, it's tied to statute of limitations. So it seems like it is referring to a specific statutory code there. At the time of the application, the government may not know which statute it's ultimately going to charge. At the point of indictment, where we decide whether or not the government brought its charges within the statute of limitations, those offenses have been reduced to statutory codes. And so we will know at the time of indictment whether or not the offense, in this case conspiracy to commit federal funds bribery, was brought in time. And the question then is, once we've established what offense is, well, how much specificity does the government need to show and how much specificity does the court have to find about that offense and about evidence being in a foreign country? Well, the statute says that the government must indicate that evidence of the offense is in a foreign country. What does that mean? Well, at this stage, as Judge Beatty correctly pointed out, the government is only in the investigative portion of its process. And so it may not necessarily know exactly which charge it will only as much as you need to be able to connect the evidence sought from the foreign country to an offense, a violation of the law. Here, conspiracy to commit bribery. Because now you're charging with conspiracy, the statute of limitation runs from the last overt act. So here you have a potential that the statute of limitations will just go way beyond any other statute that was listed in the application. And that's, I think, a lot more troubling here that gives the government incredible power here to keep on extending the statute of limitations. This isn't like the hypothetical I gave your friend on the other side of attempted versus actual distribution or very similar to conspiracy. I mean, this could extend far beyond what the district court saw and said, OK, I see these offenses, I'll extend it. With conspiracy, it could be years beyond that. Well, the government described in great detail a conspiracy. We didn't use the word, but we described an agreement, a quid pro quo, and the execution of that conspiracy, in fact, which is maybe more than we even needed to. And so it wouldn't come as a surprise to the court that we were dealing with a conspiracy and that the issue that your case, that we're limited by the last overt act, and 3292 is aware of that. But the court may have just accepted the government's word that you weren't investigating conspiracy for whatever reason and just accepted the application as what the government presented. Well, the government never gave the court its word that it was only investigating non-conspiracy claims. But it lists was it four or five offenses in the application, so presumably the district court will just look at those offenses and say, these are the ones that will be extended, OK, I'll sign off on it. Well, that's not what the statute, that's not what 3292 requires, Your Honor. So, for example, if the government had just listed statutes and said, we want evidence of these crimes, we've listed the statutes, I think that would be insufficient under 3292. That would not be enough for a foreign government to understand what kind of evidence we're looking for. And so the court correctly looked not just to what we listed, but the facts that we alleged both in the application supported by the declaration of the agent. That's where the court is able to determine whether or not an offense has been committed and whether or not evidence is in another country. Did you submit the, did the government submit the MLAT to the district court with the application? I too have tried to figure this out, Your Honor. It does not appear to be in the record. The application itself makes reference to it, and when I contacted the district court clerk, it appears that it didn't make it on to the docket. So perhaps it was submitted and not, but it did not make it onto the docket, the MLAT. But that is not important here where the declaration is the evidence. There are numerous cases that discuss what evidence is appropriate. An MLAT is not a sworn statement. The declaration is. But here it listed conspiracy. So that would, if it were submitted to the district court, would at least be some additional indication of the offenses that the government seeks to toll. I agree that would have been better for us, Your Honor. But that is not essential here where we describe in great detail a conspiracy in the sworn declaration. As I said, just listing codes is both not required but also on its own not helpful either to the district court or to the foreign government. And if we look for what level of specificity, you know, the government needs to state and what the district court needs to find, it's always very fact-specific. And this is an inquiry that the court must undertake. But in every case that we've seen, or almost every case, that parties have evaluated, they agree that a generic category or description of a violation of law is sufficient. So why does the government include statutory references then? Why did you list those? It's helpful. They are shorthand. It's not confusing to do that. Those are the statutes that the government has the best evidence so far in its investigation to charge. But as Your Honor pointed out, the government may discover additional violations of the law that don't fit neatly within the listed statutes. Here, the government found later on that the most appropriate charge would be 371 for attempting to commit 666. And so listing it should not be viewed as a limitation, and all of the cases are in agreement with that. So if we look to Wilson as a great example of this, the Fifth Circuit case, they ultimately charged money laundering under 1957, but never listed that statute. And they never talked about the $10,000 transaction requirement that comes with 1957. And yet, the court there said, you listed money laundering. We all know what you mean. It's exactly what I said, Your Honor. Murder is an offense. Bribery is an offense. Money laundering is an offense. And the statutory citation is not relevant. So what do you think the decision in Getve means when it says the statute's offense-specific? Well, it is offense-specific, Your Honor. Here, offense taken to mean a violation of the law. In Getve, they correctly articulated the standard. It's a standard that I've been saying that the government must show and the court must find that there is evidence of an offense in a foreign country. They are correct there. I don't know the facts of the underlying district court case in Getve well enough to know if they applied the facts correctly. I have suspicions that they didn't, because in Getve, they found that tax evasion was told, but failure to file tax returns was not. Under U.S. v. Spies, the Supreme Court has said that a failure to file your taxes can be a predicate of tax evasion. It seems that maybe they got that wrong. But that's fact-specific. Courts will call it one way or the other. And so Getve, though, does have the right standard, and that's the important part here. And so if we look at those cases, and Schwartz and Druber is a great example, too, where the court allowed charges far outside of what was stated. The government listed a scheme related to wire fraud, money laundering, conspiracy to commit money laundering, and the court allowed tax fraud because it said that's intimately related to these other offenses. Compare that to our case, Your Honor, where we went into great depth describing who sought the bribe, who paid it, where that agreement was made, how they transported the money through illegal money brokers, and how it was driven in cash from Los Angeles to Detroit, and for what quid pro quo. That is a conspiracy to commit bribery. And so I would point out that I've given my definition of... But who are the co-conspirators with Mr. So? Well, the bribe payer would be Mr. Lee. But he's not a co-conspirator. I mean, he's on the other side of the transaction. Isn't it somebody conspiring with Mr. So to solicit and accept the bribe? In the declaration, it mentions two Kims, a Choi and a So, who all participated in moving the bribe money, arranging the Hawala Network, driving the money across country to pay the bribe. These are all co-conspirators. Co-conspirators with Mr. Lee? Well, it's the same conspiracy, Your Honor. Not all co-conspirators need to even be aware of what other co-conspirators are doing to reach the ultimate objective. And so there was a conspiracy listed there, but I want to say too briefly, Your Honor, that I have given my definition of offense, which is a violation of the law could be reduced to statute. But even if the court agreed that an offense means specifically a statute, the government should still win here. The reason is because we don't have to, at this stage, meet the pleading standard of all the elements of the charge defense. And if you look at the jury instructions for 371, the ultimate charge, to commit federal funds bribery, which is 666, we alleged 90 percent of the elements in the application. And so turning just to 666, there are five elements, and this is from the jury instructions used at trial. Number one, defendant was an agent of General Motors. We said that. The defendant solicited, demanded, accepted, or agreed to accept a thing of value. Yes, five million dollars. The defendant acted corruptly with the intent to be influenced or rewarded in connection with some business transaction or series of transactions. Yes, he was selling a manufacturing contract. Four, that this business transaction or series of transactions involved a thing of value of $5,000 or more. Yes, multimillion dollar. The only element we did not state in the application was that General Motors received federal funds. And as Your Honor pointed out, that is essentially a jurisdictional hook. And so we satisfied that to say that the court did not understand what offense, based on what we alleged, that because we didn't state one of five elements, would reduce this statute to a real formalistic exercise. The same is true of 371. There are only three elements there. And again, we met all of them through the application, except that it was the government that was defrauded. So what's the limiting principle? What limits what offenses are told by your interpretation of the statute? Well, again, it will be fact specific. The courts will use the standard that has been articulated by every court. Neil, the case Neil, has proposed an outer limit of that in footnote two of that case, where allegations of tax fraud may not necessarily implicate drug importation. Even there, though, it depends what the government says in its application. If the government is talking about tax fraud, but mentions all sorts of transportation of drugs as well, that should be told as well. And so the outer limit will be the judge's discretion on whether or not the application properly identifies an offense for which evidence might be in a foreign country. And I think that that's an important point, too, because we didn't really talk very much yet about the standard review. To the extent that there's that second piece that the court needs to make a preponderance finding, that's a fact finding. And that needs to be reviewed by clear error. And the defense has come nowhere near showing that the district court committed clear error. I see that I'm out of time. If there are further questions, I'm happy to answer, but otherwise the court... Can you briefly address the rule of lenity if we find the word offense to be vague? Shouldn't we kind of tilt the scales in favor of the defendant under that rule? How does it apply here? Right. The rule of lenity argument, the government doesn't believe the term is vague or ambiguous. As I've said, either way that the court finds, even if the court found that offense means statutory violation, the government still met that burden because we essentially alleged every element of the offenses. And so it's not ambiguous. Either way the court finds, even if it did find that it meant statutory code reference, the government still wins. But also, the purpose of the rule of lenity is very specific. The relevant reason you might apply it here is that the court should not resolve an ambiguity in a criminal statute so as to expand the scope of a criminal statute beyond what the legislature clearly intended. That's from United States v. Working Juror. Here, Congress, we're not expanding it beyond what the legislature intended. I'm applying the plain language of the rule, which follows all of the court's interpretation of it. And ultimately, Congress's intent here was to put reasonable guardrails on the government when it extends the statute of limitations. And the government fell within those guardrails by providing plenty of evidence in its declaration to support the tolling application. So you advocated for the test of whether the offense that's ultimately charged is intimately related to any offenses listed in the application. What's the basis of that test? That's not in the statute. So I know there's one district court decision that used that test, but what could we rely upon to say that's the test? Yeah, I don't know that this court needs to word the rule in the same way that Schwartz and Druber did. But that rule is essentially a different distillation or repetition of the rule that the government is proposing, which is that the government must show and that the court must find that there's reason to believe evidence of an offense is in a foreign country. Now, if something's intimately related, one crime is intimately related to another, then by describing one offense, it should alert the foreign government of what kind of crime or what kind of evidence we're looking for. But that wording is just a different way of saying essentially the same thing that all of the courts have said. If there are no further questions, the government asks that the court affirm. Thank you. Thank you. Thank you for the two minutes, Your Honor. I appreciate it. I think my friend's definition of the offense is simply that an offense is a term that might broadly encompass multiple violations in an undifferentiated manner. But that's the definition that Judge Gumete rejected in Randall, that Miranda rejects, and that Getvey rejects. It has to be a discrete, enumerated offense with specificity and definiteness. And if there's any question about that, then repose, as Judge Lee mentioned, lenity or repose, carries the day because a term that extends the statute of limitations under Supreme Court precedent has to be construed narrowly. Just three other points, and I'll quickly end. Number one, I actually think it's clear that the government abandoned conspiracy in the application. Why do I say that? Because as Your Honor mentioned, 371 was in the MLAT. It's not in the application. In the application, they refer to the criminal transaction as a scheme in two places, ER 742 and 743. A scheme is distinct from a conspiracy. The other thing in the application that shows that the conspiracy is probably not being contemplated here is Lee decided to enter into a non-prosecution agreement. So did Kim. All that leaves is the defendant in this case, which fits the scheme, the word that they've used. I think the final point I would make, Your Honor, is that there is a narrower basis upon which the court can reverse the district court. And that is by simply looking at the tolling application itself, putting the statute to the side. Because they chose, they had the pen, and they chose certain wording. And the wording they chose was they're seeking tolling for these five specific offenses. They drafted that in a way that manifested exhaustiveness, using interrelated counts, charges. I'm sorry, Your Honor, I see my time has expired. May I finish my sentence? Of course. Thank you very much. The Scalia-Garner Treatise tells us that when there's a specific delineation of items, omissions 371 and 666 are taken as exclusions. That clear interpretive principle confirms a clear choice of language that the government used, not alone as a basis to reverse the district court. Thank you very much. Thank you. Counsel, thank you both for your arguments this morning. They were very helpful. And this case is submitted.
judges: GOULD, BADE, LEE